IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEMI TRIMBLE,

    Plaintiff,

v.                                                          Case No. 17-2530-JTM

UNIVERSITY OF KANSAS HOSPITAL
AUTHORITY; ARAMARK SERVICES, INC.,

    Defendants.

**MEMORANDUM AND ORDER**

Plaintiff filed this action under Title VII of the 1964 Civil Rights Act alleging that her employers subjected to her sexual discrimination and then retaliated against her for reporting the discrimination. (Dkt. 3). The matter is now before the court on a motion to dismiss or to stay by the University of Kansas Hospital Authority ("UKHA"), which asserts that plaintiff has failed to exhaust her administrative remedies. For the reasons stated herein, the court finds the motion should be denied.

    **I. Facts**

According to the complaint, plaintiff was an employee for Title VII purposes for both UKHA and Aramark Services. On or about October 13, 2016, she dually filed a charge of discrimination against these employers with the Equal Employment Opportunity Commission (EEOC) and the Kansas Human Rights Commission (KHRC). On June 15, 2017, in response to a request from plaintiff, the EEOC issued a Notice of Right to Sue with respect to plaintiff's claims against Aramark. On August 28, 2017, the

U.S. Department of Justice (DOJ), Civil Rights Division, issued plaintiff a Notice of Right to Sue with respect to her claims against UKHA.

**II. Motion to Dismiss**

UKHA contends the court lacks subject matter jurisdiction over the claims against it because plaintiff obtained her right to sue letter from the DOJ rather than from the EEOC. UKHA contends it is not a government agency, such that the EEOC rather than the DOJ was the proper agency to issue a right to sue notice.

Plaintiff contends UKHA is a government agency and that the DOJ was therefore the correct agency to issue a right to sue notice. Even if that were not the case, plaintiff argues equitable considerations warrant a finding that plaintiff has exhausted her administrative remedies, as Judge Vratil recently found in a similar case. *Miquelon v. Univ. of Kansas Hosp. Auth.*, No. 17-2274-KHV, 2017 WL 5465266 (D. Kan. Nov. 14, 2017).

**III. Discussion**

Under Title VII, a person seeking to file a discrimination suit must ordinarily file an administrative complaint with the EEOC, go through the administrative process, and obtain a right to sue notice. The issuance of such a notice is a prerequisite to filing suit: "[T]he Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge … by the person aggrieved…." 42 U.S.C. § 2000e-5(f)(1). Under Title VII regulations, the EEOC issues a notice of right to sue for charges against an employer "other than a government, governmental agency or political

subdivision." 29 C.F.R. § 1601.28(a). For charges against governmental respondents, the EEOC issues a right to sue notice when there has been a dismissal of a charge, but otherwise the Attorney General issues the notice of right to sue. *Id*. § 1601.28(d). In a case where the respondent is a governmental agency, and the EEOC has been unable to secure a conciliation agreement, the EEOC "shall take no further action and shall refer the case to the Attorney General…." 42 U.S.C. § 2000e-5(f)(1).

The court need not determine here whether UKHA in fact qualifies as a government agency within the meaning of Title VII or the regulations. Whether it does or not, the court agrees with plaintiff that she has properly exhausted her administrative remedies.

The EEOC obviously considered UKHA to be a governmental agency and consequently referred plaintiff's administrative complaint to the DOJ, which then issued plaintiff a Notice of Right to Sue. Even if EEOC's determination could be viewed as incorrect, and the EEOC should have issued the right to sue notice itself, a plaintiff should not be penalized because of inaction by the EEOC. *Miquelon*, 2017 WL 5465266 at *3 (citing *Dupree v. Hous. Auth. of Kansas City, Kan.*, No. 89-2244-V, 1991 WL 12819, *5 (D. Kan. Jan. 11, 1991)). Plaintiff properly and timely submitted her administrative complaint to the EEOC, and no facts are alleged to show that she bears responsibility for EEOC's referral to the DOJ. Moreover, just as in *Miquelon*, plaintiff's actions satisfied the two fundamental purposes of administrative exhaustion: seeking informal dispute resolution and providing notice to the respondent. *Miquelon*, at *3. UKHA does not argue otherwise. The court finds plaintiff has in fact exhausted her administrative

remedies and has obtained a notice of right to sue, thereby satisfying the statutory prerequisites to filing suit. *Cf. Hiller v. Oklahoma Ex Rel. Used Motor Vehicle and Parts Com'n*, 327 F.3d 1247, 1252 (10th Cir. 2003) (it would work an injustice to deprive plaintiff of a non-jurisdictional requirement that is beyond her control).

**IT IS THEREFORE ORDERED** this 2nd day of February, 2018, that UKHA's Motion to Dismiss (Dkt. 11) is DENIED.

                                                       ___s/ J. Thomas Marten_____
                                                       J. THOMAS MARTEN, JUDGE